In the Matter of JOHN A. CIMAROSA, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 30, 1958.

*George G. Hunter, Jr.,* of counsel (*Frank H. Gordon,* attorney), for petitioner.

*Edward H. Murphy* for respondent.

*Per Curiam.* Respondent has been charged with obtaining money from a client in a criminal case upon the representation that the money was needed to pay the clerk of the Court of Special Sessions in order to obtain a suspended sentence, and upon the promise that the money would be returned to the client if a suspended sentence was not obtained. He has also been charged with having obtained money from another client upon the representation that he would invest the money in a mortgage, when in fact he converted the money to his own use.

The Referee found that the latter charge was not sustained, and his findings as to that charge are confirmed.

The Referee, refusing to give credence to the testimony of the complainant and his witness, also concluded that the first charge was not sustained. It was not disputed, however, that after the complainant herein had pleaded guilty, and prior to sentence, respondent obtained an additional fee of $300. He had charged only $250 originally for handling the entire case. Respondent testified that complainant had expressed apprehension about facing sentence by a certain Judge who had warned him upon a previous arraignment on a different charge. He stated that he had merely told his client that the money was for the additional work involved in seeing the clerk of the court to arrange for a postponement, so as to '' swing '' the sentencing to a different judge. He gave complainant a receipt which stated in guarded language that the $300 was '' to be applied   *   *   *   as per agreement ''.

On the basis of respondent's own testimony it is apparent that respondent must have misled his client, if not as to the nature, at least as to the extent of the '' additional work '' involved in obtaining an adjournment. Under the circumstances, the additional sum charged was wholly disproportionate to the services actually rendered, as opposed to the services the client had been led to believe would be rendered. Under the circumstances, respondent's behavior was not in keeping with proper professional standards. Only in view of the Referee's exculpating findings with respect to the most serious aspect of the charges, we impose no graver sanction than censure.

BOTEIN, P. J., RABIN, McNALLY, STEVENS and BERGAN, JJ., concur.

Respondent censured.